UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JANE ROSEN,

                Plaintiff,

-against-                    FIRST AMENDED COMPLAINT
                                                     13 CV 2331 (SAS)(AJP)

NEW YORK CITY, ERICKSON PERALTA,
KING FUNG, SARAH FRANKEL, and
RICHARD KHALAF, employees of Defendant
City of New York Police Department,

                                                        **Jury Trial Demanded**

                Defendants.

------------------------------------------------------------X

      Plaintiff, by her attorneys, The Law Office of Fred Lichtmacher P.C., alleges the following upon information and belief as her First Amended Complaint:

Nature of the Action

1. This civil rights action arises from the May 1, 2012 arrest and subsequent prosecution of Jane Rosen on the false claim that she interfered with an arrest. Plaintiff seeks compensatory and punitive damages for violation of her civil rights under 42 U.S.C. §1983.

Jurisdiction and Venue

1. This action arises under the First, Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367 and requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do Plaintiff's federal claims.

2.      Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York as Defendant City of New York resides in that judicial District.

Notice of Claim

3.      On or about January 21, 2013, and within ninety days after claims arose, Plaintiff caused a Notice of Claim to be served upon Defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

4.      The Notice of Claim was in writing and was sworn to by the Plaintiff.

5.      The Notice of Claim contained the name and post office address of the Plaintiff, the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

6.      Plaintiff's claim was assigned Claim Number 2013PI002593 by the Comptroller's Office.

7.      Plaintiff's examination pursuant to G.M.L. §50-h was conducted on March 6, 2013.

8.      More than thirty days have elapsed since presentment of the claims and Defendant City of New York has failed to adjust the claims within the statutory time period.

9.      This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Parties

10.     Plaintiff JANE ROSEN is a citizen of the United States of America residing in the State and City of New York, County of New York. Ms. Rosen is a long-time Manhattan resident and accomplished, self-employed scientist. Other than incidents underlying this incident, Ms. Rosen has never been arrested.

11.     Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

12.     Defendant ERICKSON PERALTA, Shield 26623, was at all times relevant a police officer acting within the scope of his employment by Defendant City of New York's Police Department and assigned to the Police Department's 24th Precinct in Manhattan.

13.     Defendant KING FUNG, Shield 4065, was at all times relevant a Traffic Enforcement Agent acting within the scope of his employment by Defendant City of New York's Police Department and assigned to the Police Department's Traffic Control Violation Unit.

14.     Defendant SARAH FRANKEL was at all times relevant a police officer acting within the scope of her employment by Defendant City of New York's Police Department and assigned to the Police Department's 24th Precinct in Manhattan.

15.     Defendant RICHARD KHALAF was at all times relevant a Lieutenant acting within the scope of his employment by Defendant City of New York's Police Department and assigned to the Police Department's 24th Precinct in Manhattan.

16.     Defendants PERALTA, FUNG, FRANKEL, and KHALAF (together the "individual Defendants") are liable either for directly participating in the acts described herein or for failing to intervene to prevent, end, or truthfully report the unlawful conduct to which Ms. Rosen was subjected despite having a reasonable opportunity to do so.  They are sued in their individual capacity.

17.     At all times relevant, the individual Defendants were acting under color of state law.

Facts Underlying<br>Plaintiff's Claims for Relief

18.     On May 1, 2012, Jane Rosen and a friend made plans to have lunch together at Barney Greengrass at 86th Street and Amsterdam Avenue.

19.     Plaintiff's friend, driving Plaintiff's car, dropped Ms. Rosen off in midtown for her to run an errand and then continued up to the Barney Greengrass.

20.     Ms. Rosen arrived by subway at 86th and Broadway at approximately 11:40 a.m. and observed that her car, a 1999 white Nissan with New York License Plate BWK7996, was parked on the west side of Amsterdam Avenue between 86th and 87th Streets substantially closer to 86th than to 87th and south of a muni meter and a sign reading "One Hour Parking 9 a.m. – 7 p.m. Except Sunday," indicating that her car was legally parked.  Plaintiff then entered Barney Greengrass.

21.     At approximately 11:53 a.m., Plaintiff and her friend were sitting in the restaurant when he stood up and exclaimed to Rosen, "Oh, your car is being towed," and hurriedly left the restaurant.

22. Plaintiff's friend then got into the auto, and the tow truck driver, Defendant Fung, summoned the police.

23. At approximately 11:56 a.m., Ms. Rosen left the restaurant and spoke with Defendant Fung, who was then standing in the street.

24. At 12:04 p.m., Ms. Rosen called the 24th precinct.

25. Plaintiff explained the situation and that her auto was being towed even though it was parked legally.

26. Plaintiff was informed that the police could not intervene and that her friend must leave the car because, if he is in the driver's seat when the police arrive, he could be arrested.

27. Plaintiff complied with the instructions.

28. Defendant Police Officers and others arrived on the scene and arrested Plaintiff's friend.

29. Plaintiff asked an officer why her friend was being arrested and Defendant Frankel turned to Defendant Khalaf and stated "she has a big mouth, let's arrest her too."

30. Plaintiff had committed no crime and had not interfered with or obstructed the arrest of her friend.

31. Plaintiff was tightly handcuffed by Defendant Frankel, and Ms. Rosen complained.

32. Plaintiff was taken October 16, 2013in handcuffs to the 24th Precinct Stationhouse where she was imprisoned until she eventually was taken to Manhattan Central Booking.

33. The individual Defendants and others prepared or allowed to be prepared false police reports accusing Jane Rosen of crimes.

34. While Rosen was awaiting arraignment, the individual Defendants caused or allowed others to make false statements supporting prosecution to the New York County District Attorney's Office.

35. The false statement caused Plaintiff to be prosecuted under New York County Docket 2012NY034800 for Obstruction of Governmental Administration (P.L. §195.05), a misdemeanor punishable up to one year in jail./[1]

36. Ms. Rosen was arraigned, released on her own recognizance and required, under threat of issuance of an arrest warrant and of arrest, to return to Criminal Court to defend against the baseless charges until, on January 7, 2013, the prosecution was dismissed on speedy trial grounds and in a manner not inconsistent with Plaintiff's innocence.

37. The individual Defendant, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the arrest and prosecution of Ms. Rosen.

38. Defendant's acts and omissions caused Ms. Rosen to suffer the indignities and physical discomforts and privations of the arrest-to-arraignment process, loss of liberty and the necessity of appearing in Criminal Court to defend against the baseless charge, emotional upset and trauma, fear, humiliation, and deprivation of her constitutional rights, among other injuries. She incurred attorney fees and lost time from work.

---

1. Ms. Rosen would have had to conduct herself in a manner that "intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, ... ."

39. The individual Defendants, at all times relevant, and in arresting and imprisoning Plaintiff, and in allowing false evidence to be offered to the District Attorney and to Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical and mental well-being.

PLAINTIFF'S FEDERAL CLAIMS<br>AGAINST THE INDIVIDUAL DEFENDANTS

40. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

41. The conduct of the individual Defendants as described herein amounted to unlawful seizure and prosecution in violation of 42 U.S.C. 1983 and the First, Fourth and Fourteenth Amendments to the United States Constitution and deprived Ms. Rosen of her rights to be free and secure in her person, to be free from arrest or search except on probable cause or pursuant to warrant, to be free to question police action without arrest, and to be free from deprivation of liberty caused by prosecution without probable cause and with actual malice.

42. As a consequence thereof, Jane Rosen has been injured.

PLAINTIFF'S PENDENT CLAIM FOR MALICIOUS PROSECUTION

43. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

44. Defendant City of New York, through its employees, commenced or allowed the commencement of a criminal proceeding against Ms. Rosen without probable cause and with actual malice, with the proceedings terminating in Plaintiff's favor.

45. As a consequence thereof, Jane Rosen has been injured.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests that judgment be entered as follows:

(A) that Plaintiff's rights under the First, Fourth and Fourteenth Amendments of the United States Constitution were violated;

(B) Compensatory damages in an amount to be fixed at trial;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual Defendants in an amount to be fixed at trial;

(D) An award to Plaintiff of the costs and disbursements herein;

(E) An award of attorney's fees under 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
November 4, 2013

The Law Office of Fred Lichtmacher P.C.
*Attorney for Plaintiff*
The Empire State Building
350 Fifth Avenue, Suite 7116
New York, New York 10118
(212) 922-9066

_____
By: Matthew Flamm